**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NADER ABOUELMAKAREM, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| -against- | JURY TRIAL DEMANDED |
| MDNMA INC. d/b/a 6th Avenue Gifts; MSSMINJA INC. d/b/a Gifts on Sixth; MAHMOUD MUSTAFA, individually; and NAZIH K. MUSTAFA, individually | |
| Defendants. | |

Plaintiff, NADER ABOUELMAKAREM ("Plaintiff"), by and through his undersigned attorneys Woods Lonergan PLLC, as and for his complaint against Defendants MDNMA INC. d/b/a 6th Avenue Gifts; MSSMINJA INC. d/b/a Gifts on Sixth; MAHMOUD MUSTAFA, individually; and NAZIH K. MUSTAFA, individually (collectively herein "Defendants") alleges as follows upon information and belief:

## NATURE OF THE ACTION

1.      This is an employment action arising under the New York Labor Law ("NYLL") and the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), over which this Court has jurisdiction pursuant to 29 U. S. C. § 216(b).

2.      As detailed in this complaint, Defendants have continually and knowingly violated basic wage and hour laws in their employment of Plaintiff causing Plaintiff significant damages.

3.      Based upon the indefensibly intentional and willful character of Defendants' violations Plaintiff seeks recovery of unpaid wages and related damages for unpaid overtime hours worked on all sums found to be due and owing from the start of Plaintiff's employ,

which is within six (6) years prior to the date of the commencement of this action, to present.

4.       At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

5.       Plaintiff now brings this action for *inter alia* unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## PARTIES

6.       Plaintiff is a natural person residing in the County of New York, State of New York and was employed as a salesman, cashier, and clerk for Defendants from on or about March 2018 through November 2021 at Defendants' stores located in New York County, New York.

7.       Corporate Defendant MDNMA INC. d/b/a 6th Avenue Gifts ("MDNMA"), is a closed corporation organized and existing under the laws of the State of New York as of on or about 2015 and continuing to present, with a principal place of business at 1024 6th Avenue, New York, NY, 10018.

8.       Corporate Defendant MSSMINJA INC. d/b/a Gifts on Sixth ("MSSMINJA"), is a closed corporation organized and existing under the laws of the State of New York as of on or about 2015 and continuing to present, with a principal place of

business at 1032 6th Avenue, New York, NY, 10018.

9.      Owner and/or Managing Defendant MAHMOUD MUSTAFA ("Mahmoud") is a natural person residing in the State of New Jersey and is a director, officer and/or owner of the Corporate Defendant, and is the primary manager and supervisor in-charge of the employees and operations of MDNMA and/or MSSMINJA.

10.     Mahmoud serves or served as owner, manager, principal, and/or agent of Defendants MDNMA and MSSMINJA and, through this corporate entity or entities, operates or operated the business(es) as a joint or unified enterprise.

11.     Owner and/or Managing Defendant NAZIH K. MUSTAFA ("Nazih") is a natural person residing in the State of Pennsylvania and is a director, officer and/or owner of the Corporate Defendant, and is the secondary manager and supervisor in-charge of the employees and operations of MDNMA and/or MSSMINJA.

12.     Nazih serves or served as owner, manager, principal, and/or agent of Defendants MDNMA and/or MSSMINJA and, through this corporate entity or entities, operates or operated the business(es) as a joint or unified enterprise.

13.     Upon information and belief, Defendants Mahmoud and Nazih exercise or have exercised, during the relevant time periods of this Complaint, control over Corporate Defendants MDNMA and/or MSSMINJA, their day-to-day operations, including the ability to hire and fire employees and set employee scheduled and employee rates of pay.

## JURISDICTION AND VENUE

14.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

15.     Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District. Plaintiff was employed by Defendants in this District.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

16.     Defendants operate two tourist gift shops in New York County located at 1024 and 1032 Sixth Avenue.

17.     Individual Defendants Mahmoud and Nazih possess operational control over Defendant Corporations MDNMA and/or MSSMINJA, possess ownership interests in Defendant Corporations MDNMA and/or MSSMINJA's, and control significant functions of Defendant Corporations MDNMA and/or MSSMINJA.

18.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19.     Each Defendant possessed substantial control over Plaintiff's working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff.

20.     Defendants jointly employed Plaintiff during some or all of the period alleged in this Complaint and are Plaintiff's employers within the meaning of 29 U.S.C. 201 et seq. and the NYLL.

4

21.     Defendant Mahmoud is *inter alia* the primary manager of the MDNMA and/or MSSMINJA stores, and is present on a near daily basis with the store, frequently directing and communicating with employees and patrons.

22.     Defendant Nazih is *inter alia* a secondary manager of the MDNMA and/or MSSMINJA stores, but upon information and belief, has significant control over the operations and financial decisions of MDNMA and/or MSSMINJA's operations.

23.     Defendant Nazih is the sole personal guarantor to the commercial leases entered into by MDNMA and MSSMINJA for their tenancies at 1024 and 1032 Sixth Avenue, respectively.

24.     In the alternative, Defendants constitute single employer(s) of Plaintiff.

25.     Upon information and belief, Defendants Mahmoud and/or Nazih operate MDNMA and/or MSSMINJA as either an alter ego of themselves and/or fail to operate Defendants MDNMA and/or MSSMINJA as entities legally separate and apart from themselves, by among other things: a) failing to adhere to the corporate formalities necessary to operate Defendants MDNMA and/or MSSMINJA as corporations; b) defectively forming or maintaining the corporate entity of Defendants MDNMA and/or MSSMINJA, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records; c) transferring assets and debts freely as between all Defendants; d) operating Defendants MDNMA and/or MSSMINJA for their own benefit as the sole or majority shareholder(s); e) operating Defendants MDNMA and/or MSSMINJA for their own benefit and maintaining control over MDNMA and/or MSSMINJA as closed Corporations, f) intermingling assets and debts of their own with Defendants MDNMA and/or MSSMINJA; g) diminishing and/or transferring assets of Defendants MDNMA and/or MSSMINJA to

avoid full liability as necessary to protect their own interests; and h) other actions evincing a failure to adhere to the corporate form.

26.    Plaintiff is a covered employee within the meaning of FLSA and NYLL.

27.    By reason of the conduct specifically alleged in this Complaint, Defendants have violated FLSA and NYLL.

*Plaintiff's Employment History*

28.    Plaintiff was a store salesman, cashier, and clerk under the employ of Defendants from approximately March 2018 through November 2021.

29.    Plaintiff's job duties include interacting with customers, making sales and serving as cashier, processing orders, conducting inventory, organizing items in the store, ordering additional inventory, opening and/or closing, and other daily tasks.

30.    Plaintiff regularly handled goods in interstate commerce, such as inventory and other items for sale produced outside the State of New York.

31.    Plaintiff's work duties required neither discretion nor independent judgment.

32.    From approximately March 2018 through March 2019, the Plaintiff split his work between the store owned and operated by MDNMA located at 1024 6th Avenue, New York, NY known as "6th Avenue Gifts" and the store owned and operated by MSSMINJA located at 1032 6th Avenue, New York, NY known as "Gifts on Sixth".

33.    From March 2019 through November 2021, the Plaintiff worked almost exclusively at the store owned and operated by MDNMA located at 1024 6th Avenue, New York, NY known as "6th Avenue Gifts."

34.    However, from time to time, Defendants would request Plaintiff to assist at the MSSMINJA store located at 1032 6th Avenue. If needed, Plaintiff would assist at the

other store from time to time, approximately twice a month.

35.     From approximately March 2018 through March 2019, Plaintiff worked approximately fourteen (14) hours per day, seven (7) days per week, from 10:00 a.m. to 12:00 a.m. midnight. On multiple occasions, Plaintiff would work more than fourteen (14) hours per day.

36.     Plaintiff split his time, roughly equally, between by the store located at 1024 6th Avenue, New York, NY known as "6th Avenue Gifts" and the store located at 1032 6th Avenue, New York, NY known as "Gifts on Sixth".

37.     During this time period, Defendants paid Plaintiff a set salary of Eight Hundred ($800.00) dollars per week, in cash, regardless of Plaintiff's hours worked.

38.     From approximately March 2019 through March 21, 2020, Plaintiff worked approximately fifteen (15) hours per day, seven (7) days per week, from 9:00 a.m. to 12:00 a.m. midnight. On multiple occasions, Plaintiff would work more than fifteen (15) hours per day.

39.     During this time period, Defendants paid Plaintiff a set salary of Nine Hundred ($900.00) dollars per week, in cash, regardless of Plaintiff's hours worked.

40.     Defendants' business operations were closed from approximately March 21, 2020 through approximately May 15, 2020 due to the COVID-19 pandemic.

41.     From approximately May 15, 2020 through November 15, 2021 Plaintiff worked approximately fifteen (15) hours per day, six (6) days per week, Fridays through Wednesdays from 6:00 a.m. to 9:00 p.m., and nine (9) hours per day on Thursdays, from 6:00 a.m. to 3:00 p.m. On multiple occasions, Plaintiff would work more than fifteen (15) hours per day.

42.     During this time period, Defendants paid Plaintiff a set salary of Nine Hundred ($900.00) dollars per week, in cash, regardless of Plaintiff's hours worked.

43.     During the COVID-19 pandemic, one or more Defendants received government grants or loans, Small Business Administration grants or loans, and/or Paycheck Protection Program (PPP) grants or loans, that were to be used for the payment of Defendants' employee's wages.

44.     Defendants provided Plaintiff with a check for One Thousand Dollars ($1,000.00), presumably from proceeds of such loans, and then Defendant Mahmoud required Plaintiff to pay one or more Defendants Two Hundred Dollars ($200.00) in cash in order to receive this check.

45.     Defendants did not provide Plaintiff with any other payments as proceeds from the aforementioned government grants or loans, as wages paid for Plaintiff.

46.     Defendants failed to pay Plaintiff the correct New York State Minimum wage throughout the course of his employment.

47.     Plaintiff worked in excess of forty (40) hours per workweek.

48.     Defendants unlawfully failed to pay Plaintiff one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

49.     Defendants did not pay Plaintiff a spread of hours premium pursuant to New York state law when his workdays lasted ten (10) or more hours.

50.     Defendants failed to provide Plaintiff with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

51.     Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected

his actual hours worked.

52.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

53.    Defendants did not provide Plaintiff an accurate statement of wages, as required by NYLL 195(3).

54.    Defendants did not give any notice to Plaintiff, in English and in Arabic (Plaintiff's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

55.    At no time did the Defendants ensure that Plaintiff received all required meal and other breaks.

56.    At no time did the Defendants ensure that Plaintiff received all required holidays off.

57.    At no time did the Defendants ensure that Plaintiff received all required vacation days.

58.    At no time did the Defendants ensure that Plaintiff received all required sick days.

59.    At no time did the Defendants ensure that Plaintiff received all required personal days.

60.    At no time did the Defendants track Plaintiff's hours as required by law, nor did they track them by any means whatsoever, nor did they provide any means for Plaintiff to track his hours.

*Defendants' Business Practices*

61.    At all times relevant to this action, Defendants maintained policies and

practices requiring Plaintiff and other employees to work in excess of forty (40) hours a week without paying appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62.     *Inter alia*, Defendants failed to: (i) compensate Plaintiff with overtime wages, (ii) compensate Plaintiff with his regular hourly rate, and (iii) retain and make available to Plaintiff adequate records of the dates and times of Plaintiff's employment with Defendants.

63.     These failures arise from Defendants' unlawful uniform compensation policies.

64.     Upon information and belief, Defendants' compensation practices are knowingly and intentionally carried out in order to unlawfully evade the recordkeeping and reporting requirements of FLSA and the NYLL.

65.     Defendants' pay practices resulted in Plaintiff not receiving payment for all his hours worked and resulted in Plaintiff's effective rate of pay falling below the required minimum wage rate.

66.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

67.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

68.     While Plaintiff is unable to state at this time the exact amount owing, he proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded according

to proof thus obtained and presented to the Court, including Plaintiff's independent recollection.

69.     Defendants were aware that federal law and New York law required it to pay its non-exempt employees, including Plaintiff, an overtime premium of time-and-one-half for all hours worked in excess of 40 per workweek, or, alternatively, 8 hours per work day in any 2-week period, and to maintain true and accurate time records for all hours worked by Plaintiff.

70.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

71.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff.

72.     Defendants failed to provide Plaintiff and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

73.     Defendants failed to provide Plaintiff and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether

paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

74.    Defendants from time to time, also failed to timely make payment of wages to Plaintiff.

75.    Defendants are liable under FLSA and NYLL for, *inter alia,* failing to properly compensate Plaintiff in a timely manner for his full and proper wages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## WILLFUL FAILURE TO PAY MINIMUM WAGE

76.    Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

77.    At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for their employment.

78.    At all relevant times, Defendants engaged in a widespread pattern, policy, and practice of violating FLSA, as detailed above in this Complaint.

79.    At all relevant times, Defendants were Plaintiff's employer engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

80.    At all times relevant to this action, Defendants were engaged in commerce or

in an industry or activity affecting commerce.

81.     At all relevant times, Plaintiff was engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

82.     The minimum wage provisions of and the regulations made pursuant to FLSA applied to Defendants' employment of Plaintiff.

83.     At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203 and 207(a).

84.     At all relevant times, Defendants had a policy and practice of failing to pay the legally required minimum rate to Plaintiff.

85.     Defendants failed to properly disclose or apprise Plaintiff of his rights under FLSA.

86.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

87.     Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

88.     Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

89.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff is entitled to liquidated (*i.e.*, double) damages pursuant to FLSA.

90.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not precisely ascertainable at present of unpaid minimum wage in the amount to be determined at trial, plus an equal amount as liquidated damages.

91.     Plaintiff is entitled to an award of his reasonable attorneys' fees and costs

pursuant to 29 U.S.C. § 216(b).

92.     As a result of Defendants' violations of FLSA, Plaintiff has suffered damages by having been denied his minimum wage in an amount to be determined at trial, and is entitled to recovery of such amount, plus liquidated damages, interest, attorney's fees, costs, and any other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**COUNT II**
**FAIR LABOR STANDARDS ACT**
**WILLFUL FAILURE TO PAY OVERTIME WAGES**

93.     Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

94.     The overtime wage provisions of and the regulations made pursuant to FLSA applied to Defendants' employment of Plaintiff.

95.     At all relevant times, Defendants had a policy and practice of failing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for their hours worked in excess of forty (40) hours per workweek.

96.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

97.     Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

98.     As a direct and proximate result of Defendants' willful disregard of FLSA, Plaintiff is entitled to liquidated (*i.e.*, double) damages pursuant to FLSA.

99.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not precisely ascertainable at present of unpaid overtime

wages in the amount to be determined at trial, plus an equal amount as liquidated damages.

100.    Plaintiff is entitled to an award of his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

101.    As a result of Defendants' violations of FLSA, Plaintiff has suffered damages by having been denied his overtime wages in an amount to be determined at trial, and is entitled to recovery of such amount, plus liquidated damages, interest, attorney's fees, costs, and any other compensation pursuant to 29 U.S.C. §§ 201 *et seq*.

**COUNT III**

**NEW YORK LABOR LAW**
**WILLFUL FAILURE TO PAY OVERTIME WAGES**

102.    Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

103.    At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

104.    Defendants engaged in a widespread pattern, policy, and practice of violating NYLL as detailed in this Complaint.

105.    At all relevant times, Plaintiff has been an employee and Defendants have been his employer within the meaning of the NYLL.

106.    Plaintiff is a covered person under the NYLL.

107.    Defendants employed Plaintiff as an employer and/or joint employer.

108.    At all relevant times, Plaintiff was to receive an overtime rate of pay at the rate of time and one half as Plaintiff's wages for all hours worked in excess of 40 hours per

week.

109.    Defendants, in violation of N.Y. Lab. Law § 190 et seq., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

110.    Defendants violated NYLL § 650 *et seq.* and Department of Labor Regulations, including, *inter alia*, 12 NYCRR 142, by failing to pay to Plaintiff overtime compensation to which he is entitled under NYLL.

111.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

112.    Defendants lack a bona fide good-faith basis with respect to their underpayment of Plaintiff's wages that was not in compliance with the NYLL.

113.    Defendants' violations of the NYLL as described in this Complaint have been willful and intentional.

114.    Due to the foregoing unlawful acts of Defendants, Plaintiff suffered damages in an amount not precisely ascertainable at present of unpaid overtime compensation in the amount to be determined at trial, plus an equal amount as liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs, and other compensation pursuant to the New York Labor Laws.

## COUNT IV

### NEW YORK LABOR LAW
### WILLFUL FAILURE TO PAY MINIMUM WAGE

115.    Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

116.    At all relevant times, the minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiff.

117.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

118.    Defendants have willfully failed to pay Plaintiff the New York State minimum wage for all hours worked.

119.    Defendants' failure to pay Plaintiff the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

120.    Defendants' knowing or intentional failure to pay Plaintiff minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

121.    As a result of Defendants' unlawful acts, Plaintiff has been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs, and other compensation pursuant to the New York Labor Laws.

**COUNT V**

**VIOLATION OF THE NEW YORK SPREAD OF HOURS PROVISIONS
NY COMP. CODE R & REGS. TIT. 12 § 146-1.6**

122.    Plaintiff repeats and realleged the foregoing paragraphs as though full set forth herein.

123.    Plaintiff regularly had workdays that lasted more than ten (10) hours.

124.    Defendants willfully and intentionally failed to compensate Plaintiff one hour's pay at the basic New York State minimum hourly wage rate when his workdays

exceeded ten (10) hours, as required by New York law.

125.   Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

126.   Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

127.   As a result of Defendants' willful and unlawful conduct, Plaintiff is entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

**COUNT VI**
**NEW YORK LABOR LAW**
**WILLFUL FAILURE TO TRACK HOURS, KEEP RECORDS, ETC.**

128.   Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

129.   Defendants failed to make, keep and preserve accurate records with respect to Plaintiff, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

130.   Defendants' failure to make, keep and preserve accurate records was willful.

131.   Defendants failed to provide Plaintiff, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the Plaintiff's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day

designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

132.    Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

**COUNT VII**

**NEW YORK LABOR LAW**
**WILLFUL FAILURE TO FURNISH WAGE STATEMENTS**

133.    Plaintiff repeats and realleges the foregoing paragraphs as though fully set forth herein.

134.    Defendants failed to provide Plaintiff with a written notice of rate of pay as required by NYLL § 195.

135.    Defendants' failure to furnish wage statements was willful.

136.    At the time(s) of each payment of Plaintiff's wages, Defendants failed to provide Plaintiff  with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

137.    Defendants are liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a)      A declaratory judgment that the practices complained of herein are unlawful;

b)      Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

c)      Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d)      Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

e)      Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff;

f)      Awarding Plaintiff damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

g)      Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

h)      Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

j)      Declaring that Defendants violated the spread-of-hours requirements of the
NYLL and supporting regulations as to Plaintiff;

k)      Declaring that Defendants violated the notice and recordkeeping requirements
of the NYLL with respect to Plaintiff's compensation, hours, wages and any
deductions or credits taken against wages;

l)      Declaring that Defendants' violations of the provisions of the NYLL and
spread of hours wage order were willful as to Plaintiff;

m)      Awarding Plaintiff damages for the amount of unpaid minimum wage and
overtime compensation, and for any improper deductions or credits taken against
wages, as well as awarding spread of hours pay under the NYLL as applicable;

n)      Awarding Plaintiff damages for Defendants' violation of the NYLL notice and
recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

o)      Awarding Plaintiff liquidated damages in an amount equal to one hundred
percent (100%) of the total amount of minimum wage, overtime compensation, and
spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and
liquidated damages pursuant to NYLL § 198(3);

p)      Awarding Plaintiff pre-judgment and post judgment interest as applicable;

q)      Awarding attorneys' fees and costs , including fees pursuant to 29 U.S.C. § 216,
New York Labor Law § 663 and all other applicable statutes;

r)      Providing that if any amounts remain unpaid upon the expiration of ninety days
following issuance of judgment, or ninety days after expiration of the time to appeal
and no appeal is then pending, whichever is later, the total amount of judgment shall
automatically increase by fifteen percent, as required by NYLL § 198(4); and

s)      Such other and further relief as this Court deems just and proper.


## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.


Dated: New York, New York
        December 13, 2021

**WOODS LONERGAN PLLC**

Andreas E. Christou, Esq.
280 Madison Avenue, Suite 300
New York, NY 10016
(212) 684-2500
andreas.christou@woodslaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  | Case No.: |
|---|---|
| NADER ABOUELMAKAREM, | |
| Plaintiff, | **VERIFICATION** |
| -against- | |
| MDNMA INC. d/b/a 6th Avenue Gifts; MSSMINJA INC. d/b/a Gifts on Sixth; MAHMOUD MUSTAFA, individually; and NAZIH K. MUSTAFA, individually | |
| Defendants. | |

STATE OF NEW YORK }
                                    SS:
COUNTY OF New York }

I, NADER ABOUELMAKAREM, of full age, being duly sworn, do hereby depose and say that:

I am a Plaintiff in this action and am fully familiar with the facts and circumstances of this proceeding.

I have read the foregoing Complaint and know the contents thereof to be true and accurate to the best of my knowledge, except as to claims alleged upon information and belief, and as to those claims, I believe them to be true.

I am aware that, if any of the foregoing statements made by me are willfully false, I am subject to punishment.

NADER ABOUELMAKAREM

Sworn to before me this
10 day of December, 2021

NOTARY PUBLIC

ANDREAS E. CHRISTOU
Notary Public - State of New York
No. 01CH6358331
Qualified in Schenectady County
My Comm. Expires May 8, 2021
                                        2025

23