```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
NADER ABOUELMAKAREM.                                             :
                                                                 :
                              Plaintiff,                         :
                                                                 :           21-cv-10625 (LJL)
        -v-                                                      :
                                                                 :           OPINION AND ORDER
MDNMA INC. d/b/a GIFTS ON SIXTH et al.,                          :
                                                                 :
                              Defendants.                        :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/20/2022

LEWIS J. LIMAN, United States District Judge:

Plaintiff Nader Abouelmakarem ("Plaintiff" or "Abouelmakarem") moves to dismiss Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 30. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff filed this lawsuit against Defendants MDNMA Inc. d/b/a 6th Avenue Gifts ("MDNMA") and MSSMINJA Inc. d/b/a Gifts on Sixth ("MSSMINJA"), as well as the individual defendants Mahmoud Mustafa ("Mahmoud") and Nazih K. Mustafa ("Nazih," and collectively with MDNMA, MSSMINJA, and Mahmoud, "Defendants") on December 13, 2021, alleging that Defendants violated his rights under the Fair Labor Standards Act of 1947 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and §§ 650 *et seq.*, in connection with Defendants' employment of Plaintiff from approximately March 2018 through November 2021 as a store salesman, cashier, and clerk at the two tourist gift shops they operate on Sixth Avenue in New York, New York. Dkt. No. 1.

On February 26, 2022, Defendants filed their answer with counterclaims. Dkt. No. 26. Each counterclaim is one paragraph long. The first counterclaim asserts that Plaintiff is liable

under 28 U.S.C. § 1927, 42 U.S.C. § 12205, and 42 U.S.C. § 2000a-3(b) for Defendants' attorneys' fees. Dkt. No. 26 at 16 ¶ 1. The second counterclaim alleges that Plaintiff has breached his duty of loyalty to Defendants by not providing a statement of accounts and not paying vendors in a timely manner, resulting in accrued unpaid balances to vendors and unforeseen losses to Defendants in the amount of $100,000. *Id.* ¶ 2. The third counterclaim alleges that Plaintiff failed to pay or arrange for the payment of rent, resulting in actions by the landlord against Defendants for unpaid rent and causing legal fees and the risk of eviction and resulting in damages of at least $500,000. *Id.* ¶ 3.

On March 18, 2022, Plaintiff moved to dismiss the counterclaims. Dkt. No. 30. Defendants filed a memorandum in opposition on April 11, 2022, Dkt. No. 33, and Plaintiff filed a reply memorandum in further support of the motion on April 22, 2022, Dkt. No. 34.

## DISCUSSION

"A motion to dismiss a counterclaim is evaluated under the same standard as a motion to dismiss a complaint." *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *4 (S.D.N.Y. June 25, 2020) (internal quotation marks omitted) (quoting *Orientview Technologies LLC v. Seven For All Mankind, LLC*, 2013 WL 4016302, at *2 (S.D.N.Y. Aug. 7, 2013)). To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" in order to survive dismissal. *Twombly*, 550 U.S. at 555, 557. The ultimate question is whether "[a] claim has facial plausibility, [i.e.,] the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Put another way, the plausibility requirement "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]."  *Twombly*, 550 U.S. at 556; *see also Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 46 (2011).

      Defendants have failed to state a claim with respect to any of their counterclaims.  Defendants' first counterclaim is for attorneys' fees.  Defendants have abandoned the claim.  Dkt. No. 33.  It is meritless in any event.  FLSA and NYLL permit an award of attorneys' fees to be paid to the prevailing plaintiff.  *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees . . . .  The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee . . . , the court shall allow such employee to recover the full amount of any underpayment, all reasonable attorney's fees, [and] prejudgment interest as required under the civil practice law and rules . . . .").  As Defendants implicitly acknowledge, the statutes they cite in their first counterclaim do not apply to Plaintiff's FLSA and NYLL claims.  42 U.S.C. § 12205 applies to claims brought under the Americans with Disabilities Act.  42 U.S.C. § 2000a-3 applies to claims brought under the Fair Housing Act.  28 U.S.C. § 1927 is not an independent cause of action.  *See, e.g.*, *Bright View Trading Co. v. Park*, 2004 WL 2071976, at

\*10 (S.D.N.Y. Sept. 16, 2004) (citing *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 69 (2d Cir. 1990)).

Plaintiff's second counterclaim purports to assert a claim for breach of fiduciary duty, in particular a breach of the duty of loyalty.  A claim for "[b]reach of fiduciary duty requires (1) the existence of a fiduciary duty owed by the defendant; (2) a breach of that duty; and (3) resulting damages."  *Jones v. Voskresenskaya*, 5 N.Y.S.3d 16, 17 (1st Dep't 2015); *see also Rhee v. SHVMS, LLC*, 2022 WL 596366, at \*3 (S.D.N.Y. Feb. 28, 2022).  In New York, "an employee owes a duty of good faith and loyalty to his employer."  *Design Strategies, Inc. v. Davis*, 384 F. Supp. 2d 649, 659 (S.D.N.Y. 2005); *see also Western Elec. Co. v. Brenner*, 360 N.E.2d 1091, 1094 (N.Y. 1977) ("[A]n employee is [required to be] loyal to his employer.").  "Fundamental to that relationship is the proposition that an employee is to be loyal to his employer and is 'prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'"  *Id.* (quoting *Lamdin v. Broadway Surface Adv. Corp.*, 5 N.E.2d 66, 67 (N.Y. 1936)).  However, "[a] breach of fiduciary duty claim that is 'entirely duplicative of [a] breach of contract claim' is 'subject to dismissal.'"  *Remede Consulting Group Inc. v. Hamer*, 2021 WL 430898, at \*5 (E.D.N.Y. Feb. 8, 2021) (quoting *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F. Supp. 2d 162, 196 (S.D.N.Y. 2011)).

The second counterclaim does not allege sufficient facts to support the claim.  It alleges that Plaintiff did not provide a statement of accounts and did not pay vendors in a timely manner, but it does not allege that he had a duty to pay accounts or to pay the vendors, that his employer had the funds with which to pay the vendors, what duties he had to Defendants other than his contractual one, or what he did to violate those duties.  It therefore is subject to dismissal.

The third counterclaim suffers from the identical flaw. It alleges that Plaintiff failed to pay or arrange for the payment of rent. Dkt. No. 26 ¶ 3. However, it does not allege that Plaintiff had any duty or ability to pay rent, the source of such alleged duty, or what he did to breach the duty. The one-paragraph counterclaim is a "naked assertion" devoid of "further factual enhancement." *Twombly*, 550 U.S. at 555, 557.

Plaintiff argues that the counterclaims should be dismissed with prejudice, noting that Defendants have not submitted an amended counterclaim with their opposition and would have had an opportunity to replead as of right prior to the submission of the motion to dismiss. However, this case is in its relative infancy, and Defendants have not previously had the benefit of a ruling by the Court. As a result, the Court will dismiss the first counterclaim with prejudice but the second and third counterclaims without prejudice to Defendants filing a motion to amend the counterclaims within fourteen days of the date of this Order. If no such motion is made, the Court will dismiss the counterclaims with prejudice.

## CONCLUSION

The motion to dismiss the counterclaims is GRANTED without prejudice.

The Clerk of Court is respectfully directed to close Dkt. No. 30.


SO ORDERED.

Dated: May 20, 2022  
      New York, New York                       LEWIS J. LIMAN  
                                                 United States District Judge