UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ABOUELMAKAREM,                                                          :
                                                                        :
                                Plaintiff,                              :
                                                                        :          21-cv-10625 (LJL)
              -v-                                                       :
                                                                        :          ORDER
MDNMA INC. et al,                                                       :
                                                                        :
                                Defendants.                             :
                                                                        :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/21/2022

LEWIS J. LIMAN, United States District Judge:

Defendants MSSMINJA, Inc., Mahmoud Mustafa, and Nazih K. Mustafa move, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and Local Civil Rule 6.3, for reconsideration and reargument and/or to alter, amend, or vacate the Court's opinion and order entered on August 17, 2022. Dkt. No. 49. The motion is denied.

On August 17, 2022 the Court entered an order on the motion of Plaintiff Nader Abouelmakarem to compel Defendants to respond to Plaintiff's first request for production of documents, the responses to which were due on May 11, 2022, as well as on Plaintiff's complaint that defendant MDNMA Inc. had provided deficient interrogatory responses. Dkt No. 45. In opposition to plaintiff's motion, defendant MDNMA Inc. wrote the Court that it had filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code and requested that the Court stay the action. Dkt. No. 42. As noted by the Court in its August 17, 2022 order, the letter did not address defendants MSSMINJA Inc. or the individual defendants Mahmoud Mustafa and Nazih K. Mustafa or make a formal motion for a stay. Dkt. No. 45 at 1. The Court addressed the issues that were presented to it. It denied the motion to compel as against

1

MDNMA Inc. because of its bankruptcy filing and because of the application of the automatic stay. *Id.* at 2 (citing 11 U.S.C. § 362(a)(1)). The Court granted the motion to compel against MSSMINJA, Inc., Mahmoud Mustafa, and Nazih K. Mustafa. It stated that those defendants had not shown any justification for failing to respond to the document demands and that they had neither moved for a stay nor shown that the limited circumstances existed in which a bankruptcy filing by one defendant would apply to another defendant. *Id.*

In the present motion, defendants MSSMINJA, Inc., Mahmoud Mustafa, and Nazih K. Mustafa argue that the Court erred in not staying the action against them and in ordering them to respond to discovery. Dkt. No. 51. They argue that a bankruptcy filing by them is "inevitable," given litigation pending against them in New York State Supreme Court, *id.* at 1–3, and that complying with the document demands will cause undue burden and difficulties on Mahmoud Mustafa, who is currently in Palestine, and on Nazih K. Mustafa who resides in Pennsylvania,[1] *id.* at 3. Defendants respond that the motion is not properly brought as one for reconsideration or reargument because it relies on facts available to defendants when they opposed the motion that led to the Court's August 17 order. Dkt. No. 55 at 3-4. Defendants also argue that the limited circumstances warranting a bankruptcy stay against non-debtor defendants are not present here; in particular, they note that the complaint alleges separate factual allegations against each of MSSMINJA, Mahmoud Mustafa, and Nazih H. Mustafa, that are independent of the allegations against MDNMA, Inc. *Id.* at 5-7. Finally, they argue that defendants have not shown any hardship in responding to the document requests—they have not even produced written responses

---

[1] Defendants also state that Nazih K. Mustafa has no documents in his possession as he is not the owner or operator of the defendant corporations. *Id.* at 3. The Court notes that he is required to produce responsive documents in his "possession, custody, or control." Fed. R. Civ. P. 34(1)(1).

2

to plaintiff's document demands. *Id.* at 7.

The Court treats the motion as both one for a stay and one for reconsideration of the order compelling the production of documents. As to the former, these defendants have not shown a basis for a stay. MSSMINJA, Mahmoud Mustafa, and Nazih H. Mustafa have not filed a petition under the Bankruptcy Code and so Section 362(a)(1) does not apply of its own force. *See* 11 U.S.C. § 362(a)(1). It is not sufficient that defendants' counsel assert that bankruptcy is inevitable. Defendants also have not shown that this case falls within the limited exception to the proposition that the automatic stay generally applies only to the debtor. *See Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 WL 4783008, at *2 (S.D.N.Y. Sept. 25 2014). "The application of the stay to actions against non-debtors is limited … to actions with 'an adverse impact on a debtor that occurs by operation of law.'" *In re Fogarty*, 39 F.4th 62,75 (2d Cir. 2022) (quoting *Picard v. Fairfield Greenwich Ltd.*, 762 F.3d 199, 208 (2d Cir. 2014)). As to the latter request for reconsideration of the order compelling the production of documents, defendants have not presented any intervening change of controlling law, new evidence, or clear error or manifest injustice. *See Doe v. New York City Dep't of Soc.*, 709 F.2d 782, 789 (2d Cir. 1983).

The Clerk of Court is directed to close Dkt. No. 49.

SO ORDERED.

Dated: September 21, 2022  
       New York, New York

                                LEWIS J. LIMAN  
                               United States District Judge