```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
NADER ABOUELMAKAREM,                                               :
                                                                   :
                              Plaintiff,                           :
                                                                   :      21-cv-10625 (LJL)
         -v-                                                       :
                                                                   :            ORDER
MDNMA INC., et al.,                                                :
                                                                   :
                              Defendants.                          :
                                                                   :
-------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/13/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff Nader Abouelmakarem ("Plaintiff") moves to compel Defendants MSSMINJA INC. ("MMSMINJA") and Mahmoud Mustafa ("Mahmoud") to produce documents pursuant to Federal Rule of Civil Procedure 37(a). Dkt. No. 74.

Plaintiff moves for production of the invoices of Defendant MSSMINJA from 2020 to present. *Id.* at 2. MSSMINJA represents that it has no such invoices, as it stopped operations on February 2, 2023 and has since surrendered possession of its subject premises. Dkt. No. 75 at 3. Failure to preserve these records, however, is not a valid excuse for failure to produce. MSSMINJA has been under an obligation to preserve potentially relevant evidence since approximately December 2021 when this lawsuit was filed. *See Fujitsu Ltd. v. Fed. Exp. Corp.*, 247 F.3d 423, 436 (2d Cir. 2001) ("The obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation."). In addition, Plaintiff sent a demand to MSSMINJA to preserve "any and all records" relating to "any and all causes of action" or "to any defenses" on April 11, 2022. Dkt. No. 76-1. Defendants will be precluded from offering

any such invoices at trial. Dkt. No. 75 at 3. The Court will also entertain in connection with the pretrial order in this case a motion to preclude Defendants from raising any defense for which the invoices would be relevant.

With respect to requests 6 through 9, MSSMINJA is ordered to provide the full names and last known addresses of the four former employees known by name as Zahed, Kris, Salim, and "Amam" or "Aman." Dkt. No. 74 at 2–3. The information is relevant within the meaning of Federal Rule of Civil Procedure 26(a); MSSMINJA makes only a conclusory assertion otherwise. Dkt. No. 75 at 3. Such information shall be produced to Plaintiff no later than February 17, 2023, at 5:00 p.m.

Plaintiff also seeks the following from Defendant Mahmoud; (a) cancelled checks and bank statements of MDNMA or MSSMINJA Inc.; (b) credit card statements of Mahmoud reflecting the purchases of flights between the United States and Israel or Palestine, with all corresponding data; and (c) full names and last known addresses of the individuals identified by Mahmoud as Diego, Zahed, Kris, and Salim. Dkt. No. 74-1 (Requests 3, 8, 11–14).

The motion to compel is granted. The cancelled checks and bank statements are relevant to Mahmoud's fourteenth and fifteenth affirmative defenses—that Plaintiff "failed to pay many of the vendors [and] failed to make the rent payments to the landlord" and "was required to pay rent to the landlords [sic], or arrange funds for the same in which the plaintiff hopelessly failed to perform his duties which resulted in eviction proceedings against defendants . . . ." Dkt. No. 26 at ECF p. 14. Defendants have not withdrawn those affirmative defenses. Defendants' argument that the demands are burdensome (Dkt. No. 75 at 2) is conclusory, see Fed. R. Civ. P. 34(b)(2)(B) (objection must be made "with specificity"); *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (objection that request is "unduly burdensome" "is meaningless

boilerplate.  Why is it burdensome?"), and the response that "its business activities have been permanently closed" (Dkt. No. 75 at 2) is not a response at all.  Rule 34 requires Mahmoud to produce documents in his "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), regardless of whether the business is still in operation.  The credit card statements are relevant to Mahmoud's Thirteenth Affirmative Defense in which alleges he "is an absentee-owner of the business who lives overseas most of the time." Dkt. No. 26 at ECF p. 13.  Plaintiff is entitled to test that proposition.  The individuals whose information is requested in requests 11 to 14 are relevant witnesses.  Mahmoud shall comply with this order no later than two weeks from the date of this Order or February 27, 2023.

SO ORDERED.

Dated: February 13, 2023
       New York, New York

_____
LEWIS J. LIMAN
United States District Judge