UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X
                                                          :
NADER ABOUELMAKAREM,                                      :
                                                          :
                              Plaintiff,                  :
                                                          :
              -v-                                         :
                                                          :
MDNMA INC., MSSMINJA INC., MAHMOUD                         :
MUSTAFA, and NAZIH K. MUSTAFA,                            :
                                                          :
                              Defendants.                 :
                                                          :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _05/18/2023__

21-cv-10625 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

This opinion resolves two motions by Plaintiff Nader Abouelmakarem ("Plaintiff") for

sanctions pending before the Court.  Dkt. Nos. 63, 80.  Based on the discovery failures of

defendants MSSMINJA INC. d/b/a Gifts on Sixth ("MSSMINJA"), Mahmoud Mustafa

("Mahmoud"), and Nazih K. Mustafa ("Nazih") (collectively the "Non-Debtor Defendants"),

Plaintiff moves for an order granting the following relief in the alternative: (1) striking the

answer of the Non-Debtor Defendants; (2) prohibiting the Non-Debtor Defendants from

introducing into evidence at trial documents requested in Plaintiff's First Request for Discovery

and Inspection and Production of Documents to Defendants ("Document Demands") dated April

11, 2022; (3) prohibiting the Non-Debtor Defendants from testifying at trial in this action

regarding any items requested in the Document Demands; (4) rendering a default judgment

against the Non-Debtor Defendants; (5) treating the Non-Debtor Defendants' disobedience of the

Court's orders as contempt of Court; and/or (6) ordering Non-Debtor Defendants to pay

Plaintiff's reasonable attorneys' fees occasioned by the failure and disobedience by Non-Debtor

Defendants.  Dkt. Nos. 63, 80.

## BACKGROUND

Familiarity with the prior proceedings in this case is presumed.

The complaint alleges the following: Defendant MDNMA Inc. d/b/a 6th Avenue Gifts ("MDNMA") and MSSMINJA operate two tourist gift shops located on Sixth Avenue in New York, New York.  Dkt. No. 1 ¶ 16.  Mahmoud and Nazih are directors, officers and/or owners of MDNMA and MSSMINJA and supervise the employees and operations of the two corporate entities.  *Id.* ¶¶ 9–12.  The two are brothers.

Plaintiff was employed by MDNMA and MSSMINJA as a store salesman, cashier, and clerk at the two tourist gift shops from approximately March 2018 to November 2021.  *Id.* ¶¶ 28, 32–34.  From approximately March 2018 to March 2019, Plaintiff worked approximately fourteen hours per day, seven days a week and on multiple occasions, he would work more than fourteen hours per day.  *Id.* ¶ 35.  From approximately March 2019 through March 21, 2020, he worked approximately fifteen hours per day, seven days a week and on multiple occasions would work more than fifteen hours per day.  *Id.* ¶ 38.  Defendants'[1] business operations were closed from approximately March 21, 2020 through approximately May 15, 2020, due to the Covid-19 pandemic.  *Id.* ¶ 40.  From approximately May 15, 2020 through November 15, 2021, Plaintiff worked approximately fifteen hours per day, six days a week, and on multiple occasions would work more than fifteen hours per day.  *Id.* ¶ 41.  He was always paid a flat salary in cash, without overtime pay, regardless of the number of hours he worked.  *Id.* ¶¶ 37, 39, 42.

On December 13, 2021, Plaintiff brought suit in this Court, alleging that Defendants violated his rights under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law ("NYLL"), §§ 190 *et seq.* and §§ 650 *et seq.* *Id.* ¶¶ 76–137.

---

[1] As used herein, "Defendants" refers to MDNMA and the Non-Debtor Defendants.

Plaintiff alleges that Defendants failed to pay him the correct New York State minimum wage throughout the course of his employment, *id.* ¶ 46, failed to pay him one and one-half times his regular rate of pay for hours worked in excess of forty hours during a work week, *id.* ¶ 48, did not pay him a spread of hours premium pursuant to New York State law when his workdays lasted ten or more hours, *id.* ¶ 49, failed to provide him written notice of his rate of pay and failed to keep proper payroll records as required under New York law, *id.* ¶ 50, did not provide him an accurate statement of wages as required by New York Labor Law, *id.* ¶ 53, did not give him any notice in English or in his primary language of Arabic of his rate of pay, employer's regular pay day, and other information required by New York Labor Law, *id.* ¶ 54, did not track his hours as required by law or provide any means for Plaintiff to track his own hours, *id.* ¶ 60, and failed to ensure that he received all required meal and other breaks, all required holidays off, all required vacation days, all required sick days, and all required personal days, *id.* ¶¶ 55–59.

Defendants Mahmoud, MDNMA, and MSSMINJA appeared in this action on January 28, 2022. Dkt. No. 17. Defendant Nazih appeared in this action on February 26, 2022. Dkt. No. 24. Defendants answered with counterclaims on February 26, 2022. Dkt. No. 26. Defendants asserted twenty-two affirmative defenses and three counterclaims. *Id.* Of particular relevance here, the twelfth affirmative defense alleged that Plaintiff was the general manager and operator of the store "with unlimited discretion and extensive decision-making power." Dkt. No. 26 at ECF p. 13. The fourteenth affirmative defense alleged that Plaintiff was fired because he "failed to pay many of the vendors, . . . failed to make the rent payment to [the] landlord which resulted in risk of the stores being evicted, and . . . fired other employees and retained all the sale proceeds for himself." *Id.* at ECF pp. 13–14. The fifteenth affirmative defense alleged that

Plaintiff "hopelessly failed to perform his duties which resulted in eviction proceedings against defendants." *Id.* at ECF p. 14.

An initial pretrial conference was held on March 11, 2022, and the Court entered a Case Management Plan and Scheduling Order ("First Case Management Plan") on March 16, 2022. Dkt. No. 28.  The First Case Management Plan required initial requests for production of documents to be served by April 11, 2022, fact discovery to be completed by July 11, 2022, and all discovery to be completed by September 15, 2022.  *Id.*  On March 20, 2022, the Court issued an Opinion and Order granting the motion of Plaintiff to dismiss the counterclaims against him. Dkt. No. 35.

What followed was a consistent pattern of delay and obstruction by Defendants.  On June 15, 2022, Plaintiff and Defendants submitted a letter motion requesting a modification of the First Case Management Plan based on the facts that the parties had focused their efforts on an ultimately unsuccessful attempt to mediate and that Defendants had not yet responded to the Document Demands and interrogatories.  Dkt. No. 38.  The joint letter recited in part as follows:

> Second, despite the mediation, the Plaintiff's counsel, since serving its document demands and interrogatories to Defendants on April 11, 2022, had diligently attempted to follow up to obtain responses to said demands.  These included follow-up attempts on May 12, 16, 17, 24, June 1, and June 13, 2022.  Defendants also provided deficient interrogatories on June 1, 2022 which Plaintiff advised needed to be cured.  Defendants' counsel advised that he would need approximately two more weeks to provide the outstanding discovery responses, which included documents that needed to be obtained from Defendants' accountant(s), and then Plaintiff's counsel will need to review the same, including review of any document productions with the Plaintiff directly.

*Id.* at 2.  The parties jointly requested an extension of the deadline for fact discovery to September 12, 2022, and all discovery to November 15, 2022.  *Id.* at 1.  The proposed order provided that Defendants would fully respond to Plaintiff's interrogatories and Document

Demands on or before June 28, 2022. *Id.* The Court granted the motion by text order, noting that no further extensions would be granted. Dkt. No. 39.

On August 8, 2022, Plaintiff moved by letter motion to compel the production of documents pursuant to the Document Demands that had been served on April 11, 2022, that were initially due by May 11, 2022, and that were ordered to be responded to by June 28, 2022, and to compel compliant interrogatory responses. Dkt. No. 40. Plaintiff noted that Defendants had not responded to the Document Demands (other than providing tax returns for 2018, 2019, and 2020), and with respect to the interrogatories had failed to provide adequate responses by MDNMA and had answered "not applicable" to plainly relevant interrogatories. *Id.* at 2–3. Defense counsel, signing as "Attorneys for Defendants," submitted a one-page letter noting that MDNMA had filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code. Dkt. No. 42. The letter said nothing about the Non-Debtor Defendants. By order of August 17, 2022, the Court stayed the action against MDNMA. Dkt. No. 45. However, the Court also noted that the automatic stay generally applies only to the debtor and that it applies to non-debtors only when the claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate. *Id.* at 2 (citing *Le Metier Beauty Inv. Partners LLC v. Metier Tribeca, LLC*, 2014 WL 4783008, at *2 (S.D.N.Y. Sept. 25, 2014); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003)). The Non-Debtor Defendants neither moved for a stay nor showed circumstances that would justify staying the action against them. *Id.* Thus, the Court granted Plaintiff's motion under Federal Rule of Civil Procedure 37(a)(1) to compel discovery against the Non-Debtor Defendants, ordering the Non-Debtor Defendants to provide responses to the Document Demands by September 12, 2022, on pain of sanctions if they failed to comply. *Id.*

On September 2, 2022, the Non-Debtor Defendants moved for reconsideration of the Court's August 17, 2022 order.  Dkt. No. 49.  Among other points, the Non-Debtor Defendants argued that "Defendant MSSMINJA INC is a corporation with a sole absentee owner, Mahmoud Mustafa [who] spends substantial amount of time in Palestine," that Nazih had "no personal knowledge nor any document in possession" and was "merely a guarantor to the lease of MDNMA INC.," and that the order to produce documents by September 12, 2022 would "cause burden and difficulties on the Defendants, more particularly on Mahmoud Mustafa who is currently in Palestine and Nazih K. Mustafa who resides in the State of Pennsylvania."  Dkt. No. 51 ¶¶ 11–12.  The Non-Debtor Defendants also argued that a bankruptcy filing by them was inevitable given litigation pending against them in New York State Supreme Court.  *Id.* ¶¶ 2, 5–9.  On September 21, 2022, the Court denied the motion for reconsideration.  Dkt. No. 59.  The Court concluded that it was insufficient for the Non-Debtor Defendants to avail themselves of the automatic stay under Section 362(a)(1) of the Bankruptcy Code by merely arguing that bankruptcy was inevitable, *id.* at 3, and that, as to the alleged hardship of complying with the Document Demands, the Non-Debtor Defendants had presented no intervening change of controlling law, new evidence, or clear error or manifest injustice, *id.*

On September 8, 2022, Plaintiff wrote the Court to again ask for a 60-day extension of the deadlines in the case management plan.  Dkt. No. 52.  Plaintiff noted that while it was aware that the Court had stated that no further extensions would be granted, "given the extraordinary and unexpected circumstances since that date in this matter, Plaintiff believes that there is good cause for a further extension, most especially given that Plaintiff has been diligently attempting to obtain discovery and engage in discovery with Defendants."  *Id.* at 1.  In particular, Plaintiff noted that the Non-Debtor Defendants still had not produced the discovery ordered by the

Court's August 17 order.  *Id.* at 2.  Plaintiff further noted that he expected there would be a need for post-deposition discovery demands and responses and thus an extension was necessary to allow the parties to complete discovery.  *Id.*  The Court granted the request, extending the deadline for fact discovery to November 11, 2022, and the deadline for all discovery to January 16, 2023.  Dkt. No. 53.

On September 15, 2022, Plaintiff wrote to the Court and noted that the Non-Debtor Defendants had failed to provide any responses to the Document Demands and requested either that the Court issue sanctions or grant Plaintiff leave to file a motion for sanctions.  Dkt. No. 56.  On September 16, 2022, the Court granted Plaintiff leave to file a formal motion for sanctions.  Dkt. No. 57.  On September 20, 2022, counsel for Defendants filed a letter seeking to withdraw from the case on the basis of a "complete breakdown [of] the relationship with the Defendants," stating that Defendants "have failed to provide necessary instructions or documents to defend the action."  Dkt. No. 58 at 1–2.  The letter reiterated that Mahmoud was "an absentee owner and resident of the country of Palestine," and due to Mahmoud's "long absence from New York and uncertainty about return to New York," counsel was unable to "honor the orders and discovery demands of the plaintiffs [sic] in any manner whatsoever."  *Id.* at 2.

The Court convened its previously scheduled post-discovery conference on September 21, 2022.  Based on the failure of the Non-Debtor Defendants to produce documents, the Court extended the deadline for the completion of fact discovery to December 2, 2022, and adjourned the post-discovery conference to December 14, 2022.  *See* Minute Entry (Sept. 21, 2022).

On September 27, 2022, the Court held a hearing on Defendants' counsel's motion to withdraw.  Mahmoud and Nazih were present by direction of the Court.  Minute Entry (Sept. 27, 2022).  At the conference, Plaintiff's counsel recited that the Document Demands had been sent

in April 2022 and that, to date, Plaintiff had received no responses to the Document Demands. Tr. at 2–3 (Sept. 27, 2022).[2]  During the conference, Mahmoud represented that he would be returning to the United States on October 13, 2022, and stated that he wanted to continue to retain his present attorneys.  *Id.* at 8.  The Court agreed to hold the motion to withdraw under consideration and directed Defendants' counsel to write the Court either before or after October 13, 2022 whether he would like the Court to rule on the motion to withdraw.  *Id.* at 9; Minute Entry (Sept. 27, 2022).  Counsel never renewed the motion to withdraw.  During the conference, the Court addressed the issue of discovery.  In response to the comment of Defendants' counsel that Defendants had produced tax returns in response to the Document Demands, the Court stated that it was prepared to issue an order "that every document that has been requested must be produced, because the time for making objections has long since passed," that "the production of the tax returns [was] not sufficient to satisfy the document demands," and that "if the defendants fail to produce the documents, they are at risk of continuing sanctions."  Tr. at 6–7 (Sept. 27, 2022).  The Court reiterated to Mahmoud directly his obligation to respond to the Document Demands.  The following colloquy occurred:

> THE COURT: . . . The last thing that I've got . . . is to advise Mr. Mahmoud Mustafa that he is under an obligation, has continued to be under an obligation, by virtue of court order, to produce all documents responsive to the document requests.  Mr. Mahmoud Mustafa, have you seen the document requests?
>
> MR. MAHMOUD MUSTAFA: I believe before I left, Mr. Sanjay [counsel] told me, yes.
>
> THE COURT: Okay.  Sir, I want to make sure you understand your obligation.  Your obligation is to produce all of the documents requested in that document request that are in your possession, custody or control.  That means --
>
> MR. MAHMOUD MUSTAFA: Yes.

---

[2] Defendants' counsel later corrected Plaintiff that tax returns were provided in response to the Document Demands.  Tr. at 5–6 (Sept. 27, 2022).

THE COURT: -- that if you've got a document that you actually have in your office, in your home, in your physical possession, you've got to produce it.  It also –

MR. MAHMOUD MUSTAFA: I will, your Honor.

THE COURT: It also means, sir, that if you've got a document that you've got control over, it's in the possession of one of your employees, it's in the possession of somebody with whom you've got a relationship where you can ask for the document and they will give it to you, you've got an obligation to turn it over.  Do you understand that?

MR. MAHMOUD MUSTAFA: Yes, sir, I do, hundred percent.

*Id.* at 16–17.[3]

Plaintiff's counsel filed its first motion for sanctions on October 6, 2022.  Dkt. No. 63.  The motion complained that Defendants had, to date, not provided any responses to the Document Demands other than tax returns even though the Court's order of June 17, 2022 ordered Defendants to respond by June 28, 2022, and the Court's order of August 17, 2022 ordered Defendants to respond by September 12, 2022.  *Id.*  Plaintiff sought an order either striking the Non-Debtor Defendants' answer in whole or in part, entry of a default judgment, contempt or attorneys' fees.  *Id.* at 9.

With the close of discovery looming, Plaintiff took party depositions on October 13, 2022, and October 17, 2022, without the full benefit of discovery.

Defendants submitted the affidavit of Mahmoud in response to the first motion for sanctions on October 31, 2022.  Dkt. No. 69.  Mahmoud stated that he had provided tax returns to Plaintiff on June 28, 2022, and that—upon his return from Israel and on October 25, 2022—he provided the certification of incorporation, incorporator information, tax returns for 2019 and 2022 for MSSMINJA, tax returns for 2019 and 2020 for MDNMA, copies of W2s for the years

---

[3] On September 29, 2022, the Court granted Plaintiff's unopposed motion to take the deposition of Nazih remotely.  Dkt. No. 62.

2019, 2020, and 2021 for Plaintiff, and a payroll summary for those same years for Plaintiff. *Id.*
¶¶ 8, 10. He also stated that "other demands by the Plaintiff are either irrelevant, burdensome,
overboard [sic], vague, and oppressive." *Id.* ¶ 12. He also averred that his failure to produce
documents was not intentional or deliberate. *Id.* ¶ 16.

In reply, Plaintiff argued that Mahmoud had provided no explanation for why he could
not have produced on the dates ordered by the Court and prior to depositions, the corporate
documents he produced on October 25, 2022, Dkt. No. 71 ¶ 14, and that Defendants had
produced no documents supporting the defenses asserted in their twelfth, fourteenth, and
fifteenth affirmative defenses, *id.* ¶ 19. Plaintiff further noted that Defendants had failed to
respond to numerous of Plaintiff's other demands including for copies of payments made to
Plaintiff, correspondence and notices, and the names of current and former employees who had
knowledge of Plaintiff's wage and schedule, who worked with Plaintiff, or who supervised
Plaintiff. *Id.* ¶ 23.

The Court held a post-discovery status conference on January 18, 2023. Minute Entry
(Jan. 18, 2023). The Court issued an order on January 24, 2023, memorializing the orders it
issued at the January 18, 2023 conference. The Court ordered the Non-Debtor Defendants to
complete their responses to all discovery by January 27, 2023, allowed Plaintiff to file any
motions addressed to post-deposition discovery and any supplemental letter motion with respect
to sanctions based on the failure to produce documents that were requested prior to the
deposition by February 6, 2023, and scheduled trial for July 24, 2023. *Id.*

On February 6, 2023, as permitted by the Court, Plaintiff made a further motion to
compel the production of documents referenced in the party depositions. Dkt. No. 74. With
respect to Mahmoud, Plaintiff moved to compel the production of MSSMINJA bank statements

and cancelled checks (relevant to the affirmative defenses alleging misconduct by Plaintiff), credit card statements of Mahmoud reflecting purchases of flights between the United States and Israel or Palestine (relevant to the argument that Mahmoud was an absentee owner), and the full names and last known addresses of four current or former employees. *Id.* at 1–2. With respect to MSSMINJA, Plaintiff demanded invoices from 2020 to the present (relevant to the defense of misconduct by Plaintiff) and the full names and last known addresses of four former employees. *Id.* at 2–3. On February 14, 2023, the Court granted the further motion to compel filed by Plaintiff. In doing so, the Court rejected the argument that the Non-Debtor Defendants no longer possessed the documents, noting that "failure to preserve these records . . . is not a valid excuse for failure to produce" and that "MSSMINJA has been under an obligation to preserve potentially relevant evidence since approximately December 2021 when this lawsuit was filed." Dkt. No. 77 at 1. The Court ordered that Mahmoud was to comply with the Court order by February 27, 2023. *Id.* at 3.

On March 2, 2023, Plaintiff wrote to the Court that Defendants had yet to comply with the Court's order in any respect and requested that the Court enter appropriate relief or schedule a conference. Dkt. No. 78. The Court entered an order the next day giving Plaintiff leave to file a second motion for sanctions. Minute Entry (Mar. 3, 2023).

Plaintiff filed a second formal motion for sanctions on April 6, 2023, noting that the Mahmoud and MSSMINJA had failed to produce any of the documents ordered to be produced in the Court's February 14 order. Dkt. Nos. 80–82. In response, Defendants stated that they had produced all of the documents and discovery to the best of their ability. Dkt. Nos. 84–85. Besides repeating many of his earlier statements, Mahmoud stated that he had "nothing more to provide as all the deliveries of goods and inventory were conducted via phone calls and all other

invoices and documents were handled by Plaintiff, Nader" who had failed to provide the documents to Mahmoud after his return to the United States.  Dkt. No. 84 ¶ 18.  Plaintiff submitted a reply memorandum of law and declaration in support of his second motion for sanctions on April 21, 2023.  Dkt. Nos. 86–87.

## LEGAL STANDARD

Federal Rule of Civil Procedure 37(b) provides for a range of "sanctions for failure to obey discovery orders."  *Shanghai Weiyi Int'l Trade Co. v. Focus 2000 Corp.*, 2017 WL 2840279, at *9 (S.D.N.Y. June 27, 2017).  Once it is determined that a party failed to comply with a discovery order, the Court may impose "just orders" or sanctions including:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

> (iii) striking pleadings in whole or in part;

> (iv) staying further proceedings until the order is obeyed;

> (v) dismissing the action or proceeding in whole or in part;

> (vi) rendering a default judgment against the disobedient party; or

> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A).  "Instead of or in addition to the orders above," Rule 37(b) also provides that "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).  "Sanctions may be granted against a party under Rule 37(b)(2) if there is noncompliance with an order, 'notwithstanding a lack of wilfulness [sic] or bad faith, although such factors 'are relevant . . . to the sanction to be imposed for the failure.'"  *Henry v. Miller*,

2019 WL 5865643, at *2 (S.D.N.Y. Sept. 9, 2019), *report and recommendation adopted*, 2019 WL 5865094 (S.D.N.Y. Nov. 8, 2019), *and objections overruled*, 2019 WL 6038090 (S.D.N.Y. Nov. 14, 2019).

Courts have broad discretion to order sanctions under this Rule.  *See Handwerker v. AT & T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002); *see also Burrell v. Am. Tel. & Tel. Corp.*, 282 F. App'x 66, 67 (2d Cir. 2008).  Numerous factors are relevant to the exercise of this discretion, including: (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance, and (5) whether the non-compliant party had been warned of the consequences of his non-compliance." *Handwerker*, 211 F.R.D. at 208.  "In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and litigation in general." *Id.*

"The 'mildest' sanction 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" *Seena Int'l, Inc. v. One Step Up, Ltd.*, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016) (quoting *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979)).  "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." *Id.*

"If monetary sanctions are not sufficient, more stringent orders may be issued, including adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, and orders deeming disputed issues determined adversely to the position of the disobedient party." *Focus 2000 Corp.*, 2017 WL 2840279, at *10 (cleaned up).  Although the

Court should consider the actual difficulties that a violation causes as well as less drastic responses before ordering preclusion, "preclusion orders are entirely appropriate where the disobedient party has violated a court order to produce the evidence necessary to resolve the issue as to which preclusion is sought." *Id.* "Where the discovery misconduct has deprived the opposing party of key evidence needed to litigate a contested issue, an order prohibiting the disobedient party from contesting that issue—or simply directing that the matter be taken as established—is also appropriate." *Id.* at *11.

The most extreme sanctions available are the striking of pleadings and imposing a default judgment. *See id.*; *Handwerker*, 211 F.R.D. at 209. Although the Second Circuit has "expressed a preference for resolving disputes on the merits rather than by default," a default judgment as Rule 37 sanctions may be entered in "'extreme circumstances,' where 'a party fails to comply with the court's discovery orders willfully, in bad faith, or through fault.'" *Robertson v. Dowbenko*, 443 F. App'x 659, 660 (2d Cir. 2011) (citation omitted).

## DISCUSSION

Significant sanctions are warranted against the Non-Debtor Defendants under Rule 37(b) as Non-Debtor Defendants have shown a repeated disregard for the orders of this Court as well as their discovery obligations. Despite Plaintiff having served the Document Demands against Non-Debtor Defendants on April 11, 2022, and a Court order directing that Defendants fully respond to the Document Demands on or before June 28, 2022, Dkt. No. 39, Non-Debtor Defendants failed to produce any documents in response to the Document Demands by that date other than certain tax return information. Dkt. No. 40 at 2–3. Because of their noncompliance, the Court ordered Non-Debtor Defendants to respond to the Document Demands by September 12, 2022, on pain of sanctions if they failed to comply. Dkt. No. 45. Again, Non-Debtor

Defendants failed to produce additional documents in response to the Document Demands by that deadline.  Dkt. No. 56.

Defendants Mahmoud and MSSMINJA yet again showed disregard for this Court's orders and their discovery obligations with respect to post-deposition discovery.  On February 14, 2023, the Court granted a motion to compel production of documents referenced in the party depositions and ordered that such documents be produced by February 27, 2023.  Dkt. No. 77. Defendants Mahmoud and MSSMINJA failed to produce any of the documents by that deadline.

In light of Non-Debtor Defendants' repeated refusals to comply with this Court's discovery orders, severe sanctions are warranted under Rule 37(b).  Specifically, the Court orders that the Non-Debtor Defendants be precluded from entering into evidence any of the documents that were not timely produced to Plaintiff.  The Court also orders that the affirmative defenses in the Non-Debtor Defendants' answer be stricken, Dkt. No. 26, and that reasonable attorneys' fees and costs incurred relating to the first motion for sanctions be awarded against all of the Non-Debtor Defendants as well as reasonable attorneys' fees and costs incurred relating to the second motion for sanctions be awarded against Defendants Mahmoud and MSSMINJA.

The Court's determination as to the appropriate sanctions is informed by a consideration of the following:  First, Non-Debtor Defendants' conduct was willful.  "Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control."  *Focus 2000 Corp.*, 2017 WL 2840279, at *12 (quoting *Thompson v. Jam. Hosp. Med. Ctr.*, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015)).  Here, there is no dispute that this Court's orders were clear and that the parties understood them.  Noncompliance was also not due to factors beyond the party's control.  Contrary to the Non-Debtor Defendants'

claims, it is not an excuse for noncompliance that Mahmoud resides outside of the country.  Non-Debtor Defendants do not dispute that MSSMINJA was an active corporation during the period during which it was under an obligation to respond to the Document Demands[4] and thus, even if Mahmoud himself was out of the country, he could have had the person who was in the United States responsible for keeping the business running and maintaining the records make the required productions.  The Court also specifically notified the individual defendants that this was not an excuse for noncompliance with their discovery obligations in September of 2022.  The Court stated at the September 27, 2022 conference that the fact that the individual defendants were out of the country should not prevent them "from turning over documents or instructing one of [their] employees to turn over documents."  Tr. at 17 (Sept. 27, 2022).  The bankruptcy filing of MDNMA also does not excuse the Non-Debtor Defendants' noncompliance with this Court's orders.  This Court made clear in its August 17, 2022 order that the automatic stay applicable to MDNMA did not extend to the Non-Debtor Defendants and therefore Non-Debtor Defendants were required to comply with Plaintiff's document demands.  Dkt. No. 45.  The Court also declines to excuse Non-Debtor Defendants' willful noncompliance with its orders on the basis that documents may have been misplaced and/or destroyed during Non-Debtor Defendants' absence or that Plaintiff's requests were too burdensome or overbroad.  This Court has repeatedly rejected these excuses, particularly as Non-Debtor Defendants have been under an obligation to preserve relevant evidence since approximately December 2021 and claims that Plaintiff's requests are burdensome are both belated and entirely conclusory.  *See* Dkt. No. 77; *see also Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) (stating that the

---

[4] MSSMINJA closed its business in or about February of 2023.  Dkt. No. 85.

objection that the request is "unduly burdensome" "is meaningless boilerplate.  Why is it burdensome?").

Non-Debtor Defendants were also given notice that noncompliance with its orders would result in sanctions.  In the Court's August 17, 2022 order, the Court warned Non-Debtor Defendants that if they did not produce responses to the Document Demands by September 12, 2022, sanctions would result.  Dkt. No. 45.  Plaintiff also notified the Court that it intended to seek sanctions on September 15, 2022, Dkt. No. 56, and then again on March 2, 2023, Dkt. No. 78.  Yet, while Defendants were notified that sanctions would result from noncompliance, Non-Debtor Defendants were not warned that noncompliance would result in a default judgment being entered against them.  This weighs against imposition of the most severe form of sanctions—*i.e.*, a default judgment being entered.  *See Focus 2000 Corp.*, 2017 WL 2840279, at *12 ("Severe sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply."); *Urbont v. Sony Music Ent.*, 2014 WL 6433347, at *3 (S.D.N.Y. Nov. 6, 2014) ("[S]evere sanctions like dismissal or default should be imposed only if the party has been warned that such a sanction will follow from continued non-compliance and has nevertheless refused to comply.").

The duration of the period of noncompliance has also been significant and counsels in favor of significant sanctions.  Despite the Court setting a deadline of June 28, 2022 for Non-Debtor Defendants to respond to Plaintiff's Document Demands, Dkt. No. 39, Non-Debtor Defendants do not appear to have produced documents in response to these demands, except certain tax return information, until October 25, 2022.  Dkt. No. 69.  In other words, their noncompliance lasted for approximately four months.  This is particularly significant here as the

present case is relatively simple and accordingly the First Case Management Plan that the parties

in the case proposed—and which the Court entered—provided for only four months in total to

complete fact discovery.  Dkt. No. 28.  Non-Debtor Defendants' four-month noncompliance has

thus seriously delayed discovery in this case and resolution of this matter.  Defendants Mahmoud

and MSSMINJA also have failed to produce post-deposition discovery for months.  *See Alcon*

*Vision, LLC v. Lens.com, Inc.*, 2022 WL 17685501, at *12 (E.D.N.Y. July 7, 2022) ("Periods of

noncompliance as brief as three months may merit dispositive sanctions, while periods that are

"greater than five months favor such sanctions even more heavily."); *Urbont*, 2014 WL 6433347,

at *3 (Courts "have found noncompliance for a period of several months sufficient to warrant

dismissal or default.").

Plaintiff has suffered prejudice from the Non-Debtor Defendants' noncompliance—

particularly with their ability to contest Non-Debtor Defendants' affirmative defenses.  Many of

the documents that Plaintiff sought related to the Non-Debtor Defendants' affirmative defenses.

Specifically, Plaintiff sought information related to Defendants' Fifth Affirmative Defense that

Nazih and Mahmoud are officers of the corporate defendants and their Ninth Affirmative

Defense that they are, in fact, not officers, directors, or owners of the corporate defendants.  Dkt.

No. 26 ¶¶ 5, 9.  Plaintiff also sought discovery regarding the alleged failures of Plaintiff to make

payments to the Defendants' landlord, vendors, and other allegations of misconduct, which

related to Defendants' Twelfth, Fourteen, and Fifteenth Affirmative Defenses.  *Id.* ¶¶ 12, 14, 15.

Yet, the Non-Debtor Defendants failed to provide timely document discovery related to these

affirmative defenses, despite repeated warnings by this Court.  As a result, Plaintiff was unable

to depose Non-Debtor Defendants concerning this evidence.

The Court has also considered the possibility of lesser sanctions and the extent to which lesser sanctions would serve the purposes behind Rule 37.  "While '[a] court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter such conduct in the future,'" *Focus 2000 Corp.*, 2017 WL 2840279, at *15 (citation omitted), the evidence before the Court demonstrates that no sanctions less severe than preclusion and the striking of Defendants' affirmative defenses would be sufficient both to redress Defendants' discovery violations and to provide an effective deterrent that such violations will not recur.  "By refusing to produce its documents to defendants, plaintiff has forfeited its own right to introduce them in this case, to testify as to their contents, or otherwise to rely on them" in supporting their case.  *Id.*  In addition, Defendants have repeatedly shown a disregard for this Court's orders, which has resulted in several long delays in this case and has prejudiced the Plaintiff's ability to properly litigate the case.  Defendants "deliberate and persistent noncompliance [have thus] rendered lesser sanctions inappropriate." *Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009).[5]

Furthermore, because Rule 37(b)(c)(2) requires that the Court award attorneys' fees and costs—unless the failure to comply was "substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C), neither of which is applicable here—Plaintiffs are also entitled to attorneys' fees and costs incurred in connection with his two sanctions motions.  The fees and costs incurred in connection with the first motion shall be borne jointly and severally by all Non-Debtor Defendants, while the fees and costs incurred in

---

[5] The Court, however, notes that it has considered this factor in determining that a default judgment or dismissal of the entire answer is not appropriate at this juncture.

connection with the second motion shall be borne jointly and severally by Defendants Mahmoud and MSSMINJA, whose discovery failures were the subjects of that motion.

## CONCLUSION

The motions for sanctions are GRANTED IN PART and DENIED IN PART.  Plaintiff is directed to file a fee application consistent with this opinion by June 20, 2023.  Non-Debtor Defendants may respond to that application by July 4, 2023 and Plaintiff may file a reply by July 11, 2023.

The Clerk of Court is respectfully directed to close Dkt. Nos. 63, 80.


SO ORDERED.

Dated: May 18, 2023
      New York, New York

                                            LEWIS J. LIMAN
                                    United States District Judge