UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X
                                         :

NADER ABOUELMAKAREM,          :

                  Plaintiff,       :

                                           :         21-cv-10625 (LJL)

      -v-                     :

                                         :       MEMORANDUM AND

MSSMINJA INC. et al.,           :          ORDER

                                         :

                  Defendants.     :

                                         :
----------------------------------------------------------------------X

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: 07/17/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff moves in limine for orders with respect to the following:

1. Excluding all testimony and evidence relating to any and all of the twenty-two affirmative defenses asserted in Defendants' answer dated February 26, 2022;
2. Excluding all testimony or evidence relating to the documents and information that was not timely produced and provided to Plaintiff during the course of discovery and sought in Plaintiff's First Request for Discovery and Inspection and Production of Documents and Plaintiff's First Post-Deposition Request for Production of Documents;
3. Prohibiting Defendants from callings as witnesses and excluding Defendants from introducing testimony from or relating to current or former employees named Diego, Zahed, Kris, Salim, and Amam or Aman, and any employees of Defendants who previously worked with Plaintiff whose full names and last known addresses Defendants failed to provide to Plaintiff in the course of discovery;
4. Excluding testimony and evidence relating to any invoices of Defendants from 2020 to the present and any defenses for which the invoices would be relevant; and
5. Excluding testimony and evidence relating to Plaintiff's citizenship and immigration status.

Dkt. No. 92.  Defendants oppose the motion.  Dkt. No. 98.

The motion is granted in part and denied in part.  "The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument

at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quoting

*Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md.

1987)).  The decision whether to grant an *in limine* motion "resides in a district court's inherent

and discretionary 'authority to manage the course of its trials.'" *United States v. Ray*, 2022 WL

558146, at *1 (S.D.N.Y. Feb. 24, 2022) (quoting *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F.

Supp. 2d 173, 176–77 (S.D.N.Y. 2008)). "The trial court should exclude evidence on a motion *in

limine* only when the evidence is clearly inadmissible on all potential grounds." *United States v.

Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006). "Because a ruling on a motion *in limine*

is 'subject to change as the case unfolds,' this ruling constitutes a preliminary determination in

preparation for trial." *United States v. Perez*, 2011 WL 1431985, at *1 (S.D.N.Y. Apr. 12, 2011)

(quoting *Palmieri*, 88 F.3d at 139).

In an order dated February 13, 2023, the Court precluded Defendants from offering any

invoices at trial.  Dkt. No. 75 at 2.  On May 18, 2023, the Court issued an opinion and order

precluding Defendants from entering into evidence any of the documents not timely produced to

Plaintiff and striking Defendants' affirmative defenses.  Dkt. No. 88 at 15.  Accordingly, the

second motion in limine and the fourth motion in limine are granted to the extent that they seek

to preclude Defendants from offering invoices at trial or offering other documents that were not

timely produced to Plaintiff in discovery.  To the extent that the first, second, and fourth motions

in limine seek to preclude all testimony or evidence relating to documents not produced in

discovery or to the affirmative defenses, the motions sweep too broadly and will be denied.

The Court will start with the motion addressed to evidence relating to the affirmative

defenses.  Defendants' answer contained certain true affirmative defenses—*i.e.*, personal

jurisdiction, statute of limitations, unclean hands, the failure of Plaintiff to pay rent or arrange

funds for the same, and laches.  The answer also asserts the affirmative defense that Plaintiff was employed in an exempt capacity as an executive.  *See Woods v. Fitzcon Constr./Ren Corp.*, 2022 WL 3868115, at *7 n.3 (S.D.N.Y. Aug. 3, 2022), *report and recommendation adopted*, 2022 WL 3908007 (S.D.N.Y. Aug. 30, 2022) (stating that this exemption is an "affirmative defense[], for which employers have the burden of proof" (citation omitted)); *Lema v. Mugs Ale House Bar*, 2014 WL 2917031, at *2 (E.D.N.Y. June 26, 2014) (same).  Because the Court's May 2023 order struck Defendants' affirmative defenses, Defendants may not offer or elicit testimony or evidence that is solely relevant to these affirmative defense.

On the other hand, the answer also contains certain defenses items that are not truly affirmative defenses such as the failure to state a claim for relief or Defendants are not employers.  These items could have been set forth in simple denials.  *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472587, at * 5 (S.D.N.Y. June 25, 2020).  The Court's May 2023 order did not grant Plaintiff judgment as a matter of law.  It was not intended to relieve Plaintiff of his burden of proof as to elements of his claimed violations.  Thus, to the extent that the first motion in limine seeks to exclude testimony or evidence that is relevant to elements as to which Plaintiff has the burden of proof, such as that he was an employee, that Defendants were employers, that he worked overtime hours, and that he was not properly paid, the motion is denied.

A similar ruling applies to the request to preclude testimony relating to documents or information that was not provided during discovery or to the invoices.  "Relating to" is broad language.  The Court can conceive of circumstances where testimony relating to a document would be admissible and relevant, even if the document is not.  For example, Defendants may cross-examine Plaintiff on subjects that go to elements that Plaintiff must prove even if that

cross-examination also might be relevant to a document or an invoice that was not produced.  As noted, Defendants, however, may not offer the actual documents or invoices into evidence.[1]

The third motion in limine seeks to preclude Defendants from calling as witnesses or introducing testimony or evidence relating to current or former employees named Diego, Zaher, Kris, Salim and Amam or Aman.  The joint pretrial order lists the following individuals as witnesses whom Defendants intend to call: Abdul Hussain, Zahidur Rahman, and Mustafijur Rahman.  Dkt. No. 96 at 5.  Plaintiff argues that Defendants failed to provide the names and last known addresses to him in the course of discovery.  Dkt. No. 93 at 2.  Federal Rule of Civil Procedure 37(c)(1) authorizes the Court to impose sanctions for failure to disclose information under Rule 26(a)(1).  Failure to comply with Rule 26(a)(1) is punishable with sanctions, which are evaluated under the *Softel* standards.  *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).  The district court has "broad discretion" to determine the nature of sanctions that should be imposed for a violation of Rule 26(a)(1).  *Cates v. Trustees of Columbia Univ.*, 330 F.R.D. 369, 373 (S.D.N.Y. 2019).  Those sanctions include preclusion of evidence and prohibiting the disobedient party from supporting designated claims or defenses.  Preclusion of evidence, however, is a harsh remedy that should be imposed only in rare situations.  *Id.*  "In determining whether preclusion or another sanction would be appropriate, courts consider: '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance.'"  *Id.* (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

---

[1] In addition, neither party will be relieved from the effect of the rules against hearsay and the other federal rules of evidence that would prevent a person from testifying with respect to the content of a document that itself is not received in evidence.

Defendants are precluded from calling the three individuals at issue listed in the joint pretrial order in their case in chief.  Those individuals were not listed in Rule 26(a)(1) initial disclosures.  It is not disputed that Defendants failed to provide their names and last known addresses.  No justification has been offered for the failure to provide that information.  Plaintiff has been severely prejudiced for the failure to previously identify them—he has been prevented from taking their depositions.  Defendants' discovery abuses have been egregious.  There is no realistic possibility of putting off trial or of a continuance.  No remedy other than preclusion would cure the prejudice to Plaintiff.  The *Softel* factors all support preclusion.

The motion reaches too far, however, in seeking to preclude Defendants from eliciting evidence that relates to such current or former employees, including by way of example through cross examination of the Plaintiff.  Defendants may testify to matters relating to current or former employees and examine Plaintiff on matters relating to current or former employees, including by name.  Defendants simply may not call those employees who have not been identified during discovery as witnesses in their case at trial.

The Court will grant motion in limine number five and exclude all testimony and evidence relating to Plaintiff's citizenship and immigration status as irrelevant and unduly prejudicial under Rule 403.  *See Keawsri v. Ramen-Ya Inc.*, 2022 WL 2162981, at *4 (S.D.N.Y. May 5, 2022); *Francois v. Mazer*, 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012).

## CONCLUSION

For the reasons discussed, Plaintiff's motions in limine are GRANTED IN PART AND DENIED IN PART.

The Clerk of Court is respectfully directed to close Dkt. No. 93.

SO ORDERED.

Dated: July 17, 2023
      New York, New York

LEWIS J. LIMAN
United States District Judge